**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE LUIS ANGEL BASURTO and HUGO NERI DE JESUS, *individually and on behalf of others similarly situated,*<br><br>*Plaintiffs,*<br><br>-against-<br><br>SUPERRUAY CORP. d/b/a LARB UBOL et al.,<br><br>*Defendants.* | 1:18-cv-06368-BCM<br><br>**SETTLEMENT AGREEMENT AND GENERAL RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs, Jose Luis Angel Basurto and Hugo Neri De Jesus ("Plaintiffs" or "Plaintiffs"), on the one hand, and Superruay Corp. d/b/a Larb Ubol, ("Defendant Corporation"), Nirun Noree, Ratchanee Sumptatboon, and Khao Doe ("Individual Defendants"), (collectively, "Defendants" or "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 1:18-cv-06368-BCM (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which are hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross and total sum of Forty-Five Thousand Dollars and Zero Cents (**$45,000.00**) (the "Settlement Amount") by check made payable to "*Michael Faillace & Associates, P.C., as attorneys for Basurto and Hugo*" to be

1

delivered to Michael Faillace & Associates, P.C., no later than 30 days after the court issues an Order approving this Agreement and provided that counsel for Defendants has received an original of this Agreement executed by the Plaintiffs, a Stipulation of Dismissal With Prejudice of the Litigation signed by counsel for the Plaintiffs, a completed W-9 form for each Plaintiffs, and a completed W-9 form for Michael Faillace and Associates, P.C.

      2.     Counsel for Defendants shall file with the court the Stipulation of Dismissal With Prejudice once the Agreement has been approved by the Court and the settlement check has been received by Plaintiffs. There shall be no distribution of settlement funds from Plaintiffs' counsel's escrow account until the Court "so orders" the dismissal of this action.

      3.     <u>Release of All Claims</u>. Plaintiffs agree that this Agreement settles any and all claims and actions of any nature whatsoever between Plaintiffs and Defendants and releases and forever discharges Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiffs' employment or separation from employment with Defendants including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Fair Labor Standards Act and all of its regulations, the New York Labor Law and all of its regulations, the New York Human Rights Law, the New York City Administrative Code, the National Labor Relations Act, overtime claims, minimum wage claims or any wage claims, including spread-of-hours claims, and attorneys' fees. This is not a complete list, and Plaintiffs waive and release all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiffs' employment or separation from employment with Defendants, including all claims raised or that could have been raised in the Lawsuit, or otherwise, and whether such claims are now known or unknown to Plaintiffs from the beginning of the world to the effective date of this Agreement. With respect to the claims that Plaintiffs are releasing and waiving, they are releasing and waiving not only their right to recover money or other relief in any action that they might institute, but also they are releasing and waiving their right to recover money or other relief in any action that might be brought on their behalf by any other person or entity including, but not limited to, representative class or collective action Plaintiffs, the United States Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, or any other federal, state or local governmental agency or department. Excluded from the release and waiver are any claims or rights which cannot be waived by law, such as Plaintiffs' right to file a charge with an administrative agency or participate in any agency investigation. Plaintiffs are, however, waiving their right to recover any money in connection with such a charge or investigation. If a lawful subpoena to testify before any entity is issued to any and/or all of the Plaintiffs which involves the Defendants and Plaintiffs' employment with the Defendants, Plaintiffs will notify Defendants within 10 days by providing a copy of the subpoena to the attorneys for Defendants, namely, David S. Halsband, Esq., Halsband Law Offices, Court Plaza South, 21 Main Street, East Wing, 3d Floor, Hackensack, New Jersey 07601. Any inadvertent failure to do so shall not be construed a default under this Agreement.

      Similarly, Defendants release and discharge Plaintiffs from any and all claims of any kind that they have, had or claimed to have against Plaintiffs as of the Effective Date of this Agreement.

Release of Unknown Claims. For the purpose of implementing a full and complete Release, the parties expressly acknowledge that this Agreement resolves all legal claims the parties may have against each other as of the effective date of this Agreement, including, but not limited to, claims the parties did not know or suspect to exist in their favor at the time of the effective date of this Agreement. The parties hereby assume any and all risk of any mistake in connection with the facts involved in the matters, disputes or controversies described in this Agreement or with regard to any facts which are now unknown to them.

4. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

6. Acknowledgments: Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

David S. Halsband, Esq.
**HALSBAND LAW OFFICES**
Court Plaza South 21 Main Street
East Wing, Third Floor
Hackensack, NJ 07601
Tel: (201) 487-6249
Fax: (201) 487-3176
Email: david@halsbandlaw.com

8. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

9. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they each have consulted with Michael Faillace, Esq., of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

11. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission. A copy of a party's signature on this Agreement shall be deemed an original for all purposes and acceptable in any action against that party to enforce this Agreement.

12. <u>Entire Amount.</u> Plaintiffs agree and affirm that the payment described above shall constitute the entire amount of monetary consideration provided to them and their legal counsel under this Agreement, and that neither they nor their legal counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees/costs in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiffs' relationship with Defendants.

13. <u>Liability for Taxes.</u> Plaintiffs agree to be solely responsible for all Plaintiffs' taxes, if any, together with any interest and penalties on any Plaintiffs' taxes, with respect to payments made under paragraph 1 above. Plaintiffs agree to indemnify and hold harmless Defendants for any liabilities, penalties, interests, judgments, etc., for such amounts.

14. <u>Ownership of Claims.</u>  Plaintiffs represent that they have not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim described in this Agreement.  Plaintiffs further agree to indemnify and hold harmless Defendants against any and all claims based upon, arising out of, or in any way connected with any such actual or purported transfer or assignment.

15. <u>No Other Lawyers.</u> Plaintiffs represent that there is no other lawyer or law firm, other than Michael Faillace & Associates, P.C., representing Plaintiffs now, or at any time, in connection with Plaintiffs' employment with Defendants, and there are no other potential claims for counsel fees.  Plaintiffs expressly agrees that they will indemnify and hold the Defendants harmless from any fees, costs, expenses or liability they may incur resulting from any claim by any lawyer or law firm relating to Plaintiffs' employment with Defendants, their separation of employment with Defendants, and any claims released herein.

16. <u>No Other Action Pending.</u>  Plaintiffs represent that they have not filed any lawsuit, claim, charge, or complaint against Defendants with any local, state, or federal agency or court other than the Lawsuit.  In the event that any agency or court assumes jurisdiction of any lawsuit, claim, charge or complaint, or purports to bring any legal proceedings on Plaintiffs' behalf against Defendants, then Plaintiffs shall promptly request, with notice to Defendants, that the agency or court withdraw from and dismiss the lawsuit, claim, charge, or complaint with prejudice.  In the event the agency or court refuses to withdraw or dismiss with prejudice the lawsuit, claim, charge or complaint, Plaintiffs agrees to defend, indemnify, and hold harmless Defendants from all attorneys' fees and costs and damages arising from the lawsuit, claim, charge or complaint.

17. <u>Other Acknowledgements and Agreements By The Parties</u>.

   a. The parties agree to follow a personal standard of conduct that will not damage or cause to discredit in any way the reputation of the other party.

   b. Plaintiff and Plaintiffs in particular agree that they have no accrued but unused vacation due to them, they have not suffered any on-the-job injury for which they have not already filed a workers' compensation claim, they have received any leave to which they were entitled during their employment; they have not been retaliated or discriminated against because they took a family or medical leave or any reason protected by law, and Defendants have not interfered with their ability to request or take such leaves.

   c. Plaintiffs understand the terms of this Agreement.

   d. Plaintiffs acknowledge that some portion of the payment provided in this Agreement represents money over and above that to which they otherwise would be entitled, that the portion of this payment would not have been provided had they not signed this Agreement, and that the portion of the payment is in exchange for the signing of this Agreement.

18. <u>Interpretation of Agreement.</u> The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more

strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

19. Headings. The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

20. Voluntary Agreement. Plaintiffs and Defendants agree and affirm that:

a. They have carefully read and fully understand all of the provisions of this Agreement;

b. They were advised and hereby are advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement;

c. They have been given a reasonable time to consider their rights and obligations under this Agreement and to consult with an attorney before executing it;

d. They have consulted with their attorney of choice before executing this Agreement;

e. This Agreement is legally binding, and by signing it, they understand that they are giving up certain rights, including their right to pursue the claims raised in the potential lawsuit;

f. No promise or representation of any kind or character has been made by any of the Defendants or by anyone acting on their behalf to induce Plaintiffs to this Agreement, and that Plaintiffs have not been forced or pressured in any way to sign this Agreement;

g. They are, through this Agreement, releasing all of the Defendants from any all claims that they may have against any of them in exchange for the payment described herein;

h. The payment described herein is in addition to any payment they would have otherwise received if they did not sign this Agreement;

i. They knowingly and voluntarily agree to all of the terms set forth in this Agreement and intend to be legally bound by them.

21. Complete Agreement. This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between them. This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by all the Parties, or their attorneys on their behalf, which makes specific reference to this Agreement.

22. Lawyer Consultation and Review. Plaintiffs understand and acknowledge that Plaintiffs have the right to consult with a lawyer of their choice to review this Agreement and are

encouraged by the Defendants to do so. Plaintiffs acknowledge having been given a reasonable amount of time to review this Agreement.

23. <u>Good Faith Compliance</u>. The Parties agree to cooperate in good faith and to do all things necessary to effectuate this Agreement.

24. <u>Translation into Spanish</u>. Plaintiffs acknowledge that Plaintiffs have read this Agreement in English and/or further acknowledge that this Agreement has been explained to them in Spanish and/or such other language that they understand, and that they understand all of the terms of this Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

**IN WITNESS WHEREOF,** and intending to be legally bound hereby, I have hereunto set my hand.

**WITH MY SIGNATURE HEREUNDER, I ACKNOWLEDGE THE FOLLOWING TO BE TRUE:**

- I HAVE CAREFULLY READ THIS AGREEMENT

- I UNDERSTAND ALL OF ITS TERMS INCLUDING THE FULL AND FINAL RELEASE OF CLAIMS SET FORTH ABOVE

- I HAVE VOLUNTARILY ENTERED INTO THIS AGREEMENT

- I HAVE NOT RELIED UPON ANY REPRESENTATION OR STATEMENT, WRITTEN OR ORAL, NOT SET FORTH IN THIS AGREEMENT

- I HAVE BEEN GIVEN THE OPPORTUNITY TO HAVE THIS AGREEMENT REVIEWED BY MY LAWYER

- I HAVE BEEN ENCOURAGED BY DEFENDANTS TO CONSULT WITH A LAWYER

- MY LAWYER HAS EXPLAINED THIS AGREEMENT TO ME AND HAS ANSWERED ALL OF MY QUESTIONS TO MY SATISFACTION

- I ACKNOWLEDGE THAT I HAVE BEEN AFFORDED 21 DAYS TO CONSIDER THIS AGREEMENT

- I ACKNOWLEDGE THAT THIS AGREEMENT HAVE BEEN TRANSLATED FOR ME INTO A LANGUAGE THAT I UNDERSTAND.

YO RECONOZCO QUE ESTE CONTRATO HA SIDO TRADUCIDO PARA MI EN UNA IDIOMA QUE YO ENTIENDO.

PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES THE FULL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS THAT MAY HAVE ARISEN AT ANY TIME PRIOR TO THE EXECUTION OF THIS AGREEMENT.

PLAINTIFF JOSE LUIS ANGEL BASURTO:

By: _____          Date: 4/11/19
Jose Luis Angel Basurto

State of New York )
County of New York ) ss.

On this 4th day of ~~October~~ November 2019 before me came JOSE LUIS ANGEL BASURTO, known to me and known to be the individual described in the foregoing SETTLEMENT AGREEMENT AND GENERAL RELEASE and who executed the foregoing and duly acknowledged to me that he executed same.

_____
Notary Public

YOLANDA RIVERO
NOTARY PUBLIC STATE OF NEW YORK
NO. 02RI6061584
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES JULY 16, 2023

PLAINTIFF HUGO NERI DE JESUS:

By: _____          Date: 11/4/2019
Hugo Luis Neri De Jesus

State of New York )
County of New York ) ss.

On this 4th day of October 2019 before me came HUGO NERI DE JESUS, known to me and known to be the individual described in the foregoing SETTLEMENT AGREEMENT AND GENERAL RELEASE and who executed the foregoing and duly acknowledged to me that he executed same.

_____
Notary Public

YOLANDA RIVERO
NOTARY PUBLIC STATE OF NEW YORK
NO. 02RI6061584
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES JULY 16, 2023

DEFENDANTS:

By: __Nirun Noree__      Date: __10/29/19__
    SUPERRUAY CORP.

By: __Nirun Noree__      Date: __10/29/19__
    NIRUN NOREE

By: __Ratchanee Sumpatboon__   Date: __10/29/19__
    RATCHANEE SUMPATBOON

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE LUIS ANGEL BASURTO and HUGO NERI DE JESUS, *individually and on behalf of others similarly situated*,<br><br>*Plaintiffs*,<br><br>-against-<br><br>SUPERRUAY CORP. d/b/a LARB UBOL et al.,<br><br>*Defendants*. | 1:18-cv-06368-BCM<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE** |

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that this action and the Complaint and any and all claims that were or could have been asserted in this action against Defendants, are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date: New York, New York
      October __, 2019

_____  10-29-19
David S. Halsband, Esq.
Halsband Law Offices
Court Plaza South, 21 Main Street
East Wing, Third Floor
Hackensack, NJ 07601
Tel: 201-487-6249
Email: david@halsbandlaw.com
*Attorneys for Defendants*

_____
Yolanda Rivero, Esq.
Michael Faillace & Associates, P.C.
60 East 42nd St., Suite 2540
New York, NY 10165
Tel.: 212-317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com
*Attorneys for Plaintiffs*